**RICHARD M. MARTINEZ, SBA No. 7763**
P.O. Box 43250
Tucson, Arizona 85733-3250
(520) 609-6352 phone
richard@richardmartinezlaw.com
**Counsel for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derek L. Burton | No. |
| Plaintiff, | |
| v. | COMPLAINT |
| Louis Dejoy, U. S. Postmaster General, | Jury Trial Demanded |
| Defendant. | |

Plaintiff alleges:

### JURISDICTION

1.      Jurisdiction is conferred on this court by 28 U.S.C. § 1331.

### VENUE

2.      Venue is proper in this Court because the conduct of defendant at issue occurred in the State of Arizona.

### PARTIES

3.      Plaintiff is a citizen of the United States, resident of the State of Arizona living in Maricopa County.

4.      Defendant is the Postmaster General of the United States Postal Service, and operates the United States Postal Service throughout the State of Arizona, including Maricopa County, where the acts of discrimination that are alleged herein occurred.

//

//

GENERAL ALLEGATIONS

5.     Plaintiff is employed with the United States Postal Service ("USPS") and has been so employed at all times relevant to this complaint.

6.     Plaintiff is an African American Black male who engaged in protected equal employment opportunity protected conduct during the course of his employment with defendant.

7.     While employed with defendant as a supervisor assigned to the Sunnyslope Postal Facility, plaintiff was singled out on the basis of his race for disciplinary adverse actions commencing on or about March 24, 2021 and which included emergency placement on off duty no pay status, falsely accused of loss or theft of Postal assets and/or funds, impermissible use of a finance password and subjected to an inaccurate audit.

8.     At the time of the March 24, 2021 adverse actions and treatment of plaintiff, defendant knew that the Sunnyslope facility manager at the time of the alleged misconduct was not African American, that she was responsible for all site supervisor assignments and was plaintiff's direct supervisor.

9.     At the time of the March 24, 2021 adverse actions and treatment of plaintiff, defendant knew that the Sunnyslope facility supervisor assigned the site finance responsibilities at the time of the alleged misconduct was not African American, that he was on leave but the person, along with the site manager responsible for the finance tasks assigned to his position.

10.    On March 27, 2021 plaintiff's approved transfer to the Scottsdale Airport Station was rescinded due to the false and racial bias of defendant that initiated and imposed the adverse actions that commenced on or about March 24, 2021.

11.    Defendant continued its false racial bias course of conduct on May 14, 2021 by then falsely accusing plaintiff of loss or theft of $1,500 is Postal assets (stamps) and notified him that the amount would be involuntarily taken from his salary.

//

12.     Plaintiff was then notified by defendant on May 20, 2021 that he was receiving formal discipline in the form of a Letter of Warning in Lieu of a Fourteen Day Suspension.

13.     None of the responsible non African American Sunnyslope site managers or supervisors were subjected to investigation, scrutiny, audits, false allegations or any of the adverse employment actions that defendant imposed on plaintiff.

14.     The actions and conduct of defendant at issue was the result of a chain of command that included the Phoenix Postmaster Tina Sweeney, none of whom were African American.

15.     Despite knowing that the allegations against plaintiff were false, defendant has never acknowledged the racial bias or animus was part of the intentional acts taken against plaintiff or the manner in which the non African manager and supervisor were treated, that is never imposed any of sanctions, investigations, audits or false allegations that plaintiff was subjected to.

16.     Upon first learning of the false allegations and adverse actions of defendant, plaintiff communicated to defendant his belief that his race was the reason for the false allegations and biased course of conduct that he was subjected to.

17.     Plaintiff timely sought and submitted the claims and treatment identified herein to the Postal Service EEO Investigative Services, Agency Case Number 4E-852-0113-21, which received and then completed the administrative EEO process.

18.     Plaintiff requested and received a Final Agency Decision which failed to resolve any of the claims submitted and then administratively investigated.

19.     At all times relevant to this lawsuit, plaintiff was an employee of defendant within the meaning of the Title VII of the 1964 Civil Right Act, as amended.

20.     At all times relevant to this lawsuit, plaintiff was an employer of plaintiff within the meaning of the Title VII of the 1964 Civil Right Act, as amended.

21.     Plaintiff has complied with all jurisdictional requirement for the filing of this lawsuit.

COUNT ONE

EMPLOYMENT DISCRIMINATION: RACE & COLOR

(42 U.S.C. § 2000e, *et. seq.,* as amended)

22.    Plaintiff hereby re-allege and incorporates all allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23.    Defendant's treatment of and actions against plaintiff constitute violations of 42 U.S. C. § 2000e, as amended, federal statutes that prohibit workplace discrimination.

24.    As a direct and proximate result of the conduct of defendant, plaintiff  suffered injury including but not limited to economic loss, emotional distress, mental anguish, humiliation and  embarrassment, loss of enjoyment of life and deprivation of his right to equal employment opportunity and a workplace free of racial bias, prejudice and suffering the indignity of working while Black.

COUNT TWO

EMPLOYMENT DISCRIMINATION: RETALIATION

(42 U.S.C. § 2000e, *et. seq.,* as amended)

25.    Plaintiff hereby re-allege and incorporates all allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26.    Defendant's treatment of and actions against plaintiff constitute violations of 42 U.S.C. § 2000e, *et. seq.,* as amended, federal statutes that prohibit workplace discrimination including retaliation.

27.    As a direct and proximate result of the conduct of defendant, plaintiff  suffered injury including but not limited to economic loss, emotional distress, mental anguish, humiliation and  embarrassment, loss of enjoyment of life and deprivation of his right to equal employment opportunity and a workplace free of racial bias, prejudice and suffering the indignity of working while Black.

//

//

1

PRAYER FOR RELIEF

2

WHEREFORE, Plaintiff prays:

3  1.     That this Court declare the actions complained of herein to be violations of

4  42 U.S.C. § 2000e, *et.seq.*, as amended.

5  2.     That defendant be ordered to take appropriate affirmative acts to insure that

6  the actions complained of herein are not engaged in again by defendant or any of its

7  agents and to place plaintiffs in the position they would currently enjoy but for the

8  unlawful conduct of defendant.

9  3.     That defendant, including all officers, director, agents, employees and

10  successors be permanently enjoined from discriminating against any person,

11  including plaintiff.

12  4.     That actual damages be awarded to plaintiff and against defendant;

13  5.     That compensatory damages be awarded to plaintiff and against defendant;

14  6.     That plaintiff be awarded his attorneys' fees;

15  8.     That plaintiffs be awarded his costs; and

16  9.     That plaintiff be awarded all other relief that the Court deems just and proper

17  under the circumstances.

18

JURY TRIAL DEMAND

19

Pursuant to Rule 38, FRCP, a trial by jury is demanded.

20

DATED this 3rd day of May, 2022.

21

*/s/ Richard M. Martinez*
RICHARD M. MARTINEZ, ESQ.

22

Counsel for Plaintiff

23

24

25

26

27

28